**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JOSEPH LESTER HAVEN, JR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **No. 3:23-cv-01097** |
| **v.** | ) | **Judge Trauger** |
| | ) | |
| **WARDEN CHRIS BRUN,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER

Petitioner Joseph Lester Haven, Jr., an inmate of the Turney Center Industrial Complex in Only, Tennessee, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) and paid the filing fee. The petition challenges the petitioner's Obion County, Tennessee convictions and sentence for rape of a child and aggravated sexual battery, for which he is serving a sentence of forty years life imprisonment in the Tennessee Department of Correction. *See Haven v. State*, No. W2022-00813-CCA-R3-PC, 2023 WL 3596788, at \*1 (Tenn. Crim. App. May 23, 2023).

Under 28 U.S.C. § 2241(d), a habeas petitioner may file in either the judicial district where the petitioner was convicted or the judicial district where he is currently incarcerated. Therefore, venue for this action is proper in both the Western and Middle Districts of Tennessee. *See* 28 U.S.C. § 123. However, a petitioner's place of confinement may change from time to time while the district of his conviction will remain constant. For this reason, it has been the consistent practice in the federal courts of Tennessee to transfer habeas petitions to the judicial district in which the convicting court is located.

1

In this case, the Western District is the district of the petitioner's conviction. Accordingly, the Clerk **SHALL** transfer this action the United States District Court for the Western District of Tennessee, Eastern Division. 28 U.S.C. § 123(c)(1). All future submissions by the petitioner shall be filed in that court.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge